**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JAVONE MARTIN                                         CIVIL ACTION

VERSUS                                                NO. 19-10142

AL ROBINSON, WARDEN                                   SECTION: "G"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Javone Martin, is a convicted inmate currently incarcerated at the Nelson Coleman Correctional Center in Killona, Louisiana.    On September 10, 2013, he was charged by bill of information with three counts (#1, 2, 5) of distributing a controlled dangerous substance within 2000 feet of a playground and two counts (#3, 4) of distribution

of cocaine.[1]    On June 29, 2016, he pleaded guilty as charged.[2]    On July 18, 2016, he was sentenced on each count to 15 years' imprisonment with the first two years of the sentence as to each count to be served without benefit of parole, probation or suspension of sentence, to run concurrently.[3]    That same day he pleaded guilty to the multiple-offender bill filed by the State.[4]    His sentence on count three was vacated and he was resentenced on that count as a second-felony offender to 15 years' imprisonment with the first two years to be served without benefit of parole, probation or suspension of sentence and the remainder to be served without benefit of probation or suspension of sentence.

On or about October 17, 2016, he filed a pro se Motion to Quash the Habitual Offender Bill of Information.    That motion was denied by the trial court on November 9, 2016.[5]    On or about January 3, 2017, he filed a motion to correct an illegal sentence challenging his guilty plea to the multiple bill based on an alleged invalid predicate guilty-plea conviction.    That motion was denied on January 17, 2017.[6]

---

[1]  State Rec., Vol. 1 of 5, Bill of Information.

[2]  State Rec., Vol. 1 of 5, Minute Entry, 6/29/16; *see also* Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty–Felony Boykin.

[3]  State Rec., Vol. 1 of 5, Minute Entry, 7/18/16; *see also* Waiver of Rights-Plea of Guilty as Multiple Offender.

[4]  State Rec., Vol. 1 of 5, Multiple Offender Bill of Information.

[5]  State Rec., Vol. 1 of 5, Motion to Quash and District Court Order signed November 9, 2016.

[6]  State Rec., Vol. 1 of 5, Motion to Correct Illegal Sentence; State Rec., Vol. 2 of 5,

On or about March 24, 2017, Martin submitted an application for post-conviction relief to the state district court alleging ineffective assistance of counsel for failing to object to his adjudication as a multiple offender.[7]    On April 3, 2017, the state district court denied relief finding the sentencing claim procedurally barred.    He challenged the ruling by writ application filed with the Louisiana Fifth Circuit Court of Appeal.    The appellate court granted the writ, vacated the state district court's ruling and remanded the matter with instructions to construe his post-conviction relief application as a request for an out-of-time appeal.[8]    On August 25, 2017, the district court complied and issued an order granting Martin an out-of-time appeal.

On direct appeal, his appointed counsel filed an *Anders* brief asserting that she could find no non-frivolous issue to raise on appeal.[9]    Upon conducting an independent and thorough review of the record and determining that no non-frivolous issues existed, the appellate court granted appellate counsel's motion to withdraw and affirmed the conviction and sentence.    Specifically, with respect to Martin's guilty pleas and sentences, the

---

District Court Order signed January 17, 2017.

[7]  State Rec., Vol. 2 of 5, Application for Post-Conviction Relief.

[8]  State Rec., Vol. 2 of 5, *State v. Martin*, 17-KH-280 (La. App. 5th Cir. June 2, 2017); *see also State v. Martin*, 17-KH-457 (La. App. 5th Cir. Aug. 24, 2017) (instructing district court again, if it had not already done so, to enter an order construing the PCR application as an out-of-time appeal).

[9]  *Anders v. California*, 386 U.S. 738 (1967); *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

appellate court found:

> We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the five narcotics charges that would render them invalid. The transcript of the guilty plea proceedings and the acknowledgement and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his *Boykin* [10] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. Further, the trial court, during its colloquy with defendant, informed him of the actual sentences that would be imposed upon acceptance of his guilty pleas. In addition, the waiver of rights form advised defendant of his maximum sentencing exposure and the actual sentences he would receive. [11] Further, defendant acknowledged that he had not been forced, coerced, or threatened into entering his guilty pleas. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly and voluntarily made.
>
> With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. Both the waiver of rights form and the transcript from the multiple offender proceeding reflect that defendant was advised of his right to a hearing at which the State would have to prove his habitual offender status, of his right to remain silent throughout the hearing, and of the potential sentencing range as a second felony offender, as well as the actual sentence that would be imposed. Defendant indicated in the waiver of rights form and during the colloquy that he had not been forced, coerced, or threatened into stipulating to the habitual offender bill. The trial court accepted the stipulation as being knowingly, intelligently, and voluntarily made by defendant.

---

[10]   *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

[11]   During its colloquy with defendant at the guilty-plea proceedings, the trial court did not inform defendant of the maximum or minimum sentencing ranges on the original sentences as required by La. C.Cr.P. art. 556.1. However, the trial court's failure to advise defendant of the sentencing ranges in open court does not affect the validity of defendant's guilty pleas because defendant was in fact advised of the <u>actual</u> sentences that he would receive pursuant to the plea agreements. This Court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. *State v. Craig*, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64; *State v. Faggard*, 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, *writ denied*, 16-338 (La. 2/10/17), 215 So.3d 701.

With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Additionally, this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. *State v. Williams*, 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, *writ denied*, 13-109 (La. 6/21/13), 118 So.3d 406. Here, defendant's original sentences and enhanced sentence were imposed in accordance with the terms of the plea agreements set forth in the record at the time of the pleas and stipulation. Furthermore, defendant's sentences fall within the sentencing ranges set forth in the statutes. *See* La. R.S. 40:967(A); La. R.S. 40:981.3; La. R.S. 15:529.1. Based on the foregoing, we find that defendant's guilty pleas, his stipulation to the multiple offender bill of information, and the sentences imposed pursuant to the plea agreements do not present any issues for appeal.[12]

On or about April 11, 2018, Martin filed a second application for post-conviction relief with the state district court, alleging ineffective assistance of counsel for failing to object to his adjudication as a multiple offender.[13]     On April 23, 2018, the application was denied as procedurally barred under Louisiana Code of Criminal Procedure article 930.3 and *State v. Cotton*, 09-2397 (La. 10/15/10), 25 So.3d 1030, 1031.[14]     He timely sought supervisory writs with the Louisiana Fifth Circuit.     The appellate court found no error in the district court's ruling and denied relief.[15]     He erroneously filed a notice of intent with the state

---

[12]     *State v. Martin*, 17-558 (La. App. 5 Cir. 3/14/18), 242 So.3d 1236, 1239-40 (footnotes in original).

[13]     State Rec., Vol. 2 of 5, Application for Post-Conviction Relief signed April 11, 2018.

[14]     State Rec., Vol. 2 of 5, District Court Order signed April 23, 2018.

[15]     State Rec., Vol. 2 of 5, *State v. Martin*, 18-KH-311 (La. App. 5 Cir. June 20, 2018).

district court for time to seek writs to the Louisiana Supreme Court.     That request was denied as unnecessary.     He then filed a motion for extension of time with the Louisiana Supreme Court seeking additional time to file his supervisory writ application.     That motion did not include any reference to the substantive claim for relief denied by the state district and intermediate appellate courts.     The Louisiana Supreme Court declined to consider his motion (stamped as Louisiana Supreme Court Writ No. 2018-1362) finding it untimely under Louisiana Supreme Court Rule X § 5.[16]     His motion for reconsideration of that ruling was denied.[17]

On or about April 22, 2019, Martin filed his federal application for habeas corpus relief asserting that counsel was ineffective for (1) failing to investigate all viable defenses to the multiple offender bill, (2) failing to validate all procedures being used to adjudicate him as a multiple offender and (3) failing to lodge an objection to the multiple-bill proceedings.     The State concedes that the federal petition is timely filed.     However, the State asserts that the claim is unexhausted and procedurally defaulted.[18]

*Preliminary Review: Exhaustion and Procedural Default*

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must first exhaust his remedies in the state courts before seeking habeas corpus relief from the federal courts.

---

[16]  *State v. Martin*, 2018-1362 (La. 9/28/18), 253 So.3d 149; State Rec., Vol. 2 of 5.

[17]  *State v. Martin*, 2018-1362 (La. 12/17/18), 259 So.3d 341; State Rec., Vol. 2 of 5.

[18]  Rec. Doc. 8.

*See* 28 U.S.C. § 2254(b)(1); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing

*Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir.

1997).    As the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role
> in the enforcement of federal law and prevent disruption of state judicial
> proceedings. Under our federal system, the federal and state courts are equally
> bound to guard and protect rights secured by the Constitution. Because it
> would be unseemly in our dual system of government for a federal district
> court to upset a state court conviction without an opportunity to the state
> courts to correct a constitutional violation, federal courts apply the doctrine of
> comity, which teaches that one court should defer action on causes properly
> within its jurisdiction until the courts of another sovereignty with concurrent
> powers, and already cognizant of the litigation, have had an opportunity to
> pass upon the matter.

*Rose v. Lundy*, 455 U.S. at 518 (citations, footnote, quotation marks, and brackets omitted).

"To exhaust, a petitioner 'must have fairly presented the substance of his claim to the

state courts.' "    *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).    That requirement

applies to all levels of review in the state-court system, meaning that a petitioner's federal

claim must have been "fairly presented" to "*each* appropriate state court (including a state

supreme court with powers of discretionary review)."    *Baldwin v. Reese*, 541 U.S. 27, 29

(2004) (emphasis added).    As the United States Fifth Circuit has explained:

> Fair presentation does not entertain presenting claims "for the first and only
> time in a procedural context in which its merits will not be considered unless
> there are special and important reasons therefor." *Castille v. Peoples*, 489 U.S.
> 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (quotation marks omitted).
> The purposes of the exhaustion requirement "would be no less frustrated were
> we to allow federal review to a prisoner who had presented his claim to the
> state court, but in such a manner that the state court could not, consistent with
> its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S.
> 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

*Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, in order to exhaust fully, the substance of the federal habeas claim must be fairly presented to the State's highest court. *See Whitehead v. Johnson*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). In Louisiana, the highest state court is the Supreme Court of Louisiana. *See* La. Const. art. V, § 5(A).

Here, the State correctly contends that Martin's ineffective-assistance-of-trial-counsel claim has never been fairly presented to the Louisiana Supreme Court in a procedurally proper manner and remains unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—the applicant has exhausted the remedies available in the courts of the State...."); *Spellman v. Cain*, Civ. Action No. 15-824, 2016 WL 2637658, at *3-4 (E.D. La. Feb. 19, 2016), *report and recommendation adopted*, 2016 WL 2594837 (E.D. La. May 5, 2016); *Carty v. Thaler*, 583 F.3d at 253-54 ("When undertaking review, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts."). He therefore has not exhausted his state-

court remedies as required by federal law.

Furthermore, the State correctly asserts that review of the claim for relief is barred by the doctrine of procedural default.    Even if a habeas claim may be considered "technically" exhausted because a petitioner may no longer litigate the claim in state court, the habeas claim may nonetheless be subject to procedural default.    "Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."    *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999) (citing *Coleman*, 501 U.S. at 735 n. 1, 111 S.Ct. 2546) (footnote omitted).    Under either scenario, a petitioner is considered to have forfeited his federal habeas claims.    *Id.*    As the record in this case reflects, Martin is no longer able to bring his unexhausted claim of ineffective assistance of counsel in the Louisiana Supreme Court.    He is procedurally barred from doing so under state law because his time for seeking review in that court has run.    When state-court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims.    *See Coleman*, 501 U.S. at 722, 111 S.Ct. 2546.

A federal habeas petitioner may be afforded federal review of a procedurally defaulted claim only if he demonstrates "cause" for his default and "prejudice attributed thereto," or that the federal court's failure to review the defaulted claim will result in a

"fundamental miscarriage of justice."    *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 731–32); *Amos v. Scott*, 61 F.3d 333, 338–39 (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989) and *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).    Here, Martin has made no effort to establish cause for his failure to pursue the defaulted claim in the Louisiana Supreme Court.    His own ignorance of procedural rules for filing does not suffice as cause.    *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). This Court's review of the record does not support a finding that any factor external to the defense prevented him from raising the claim in a procedurally proper manner or that any action or inaction on the part of the State prevented him from doing so.    "The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."    *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n. 43).

Nor has Martin shown that as a factual matter he is "actually innocent" of the crimes of conviction.    *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995)).    Martin pleaded guilty to the crimes and guilty to the multiple bill.    His claim for relief addresses counsel's absent objection to alleged procedural and evidentiary failings with respect to a predicate offense underlying the multiple-bill proceedings and not his actual innocence.    He has not demonstrated that any miscarriage of justice will result from this Court's failure to consider his defaulted claim.

Finally, although not argued in the memoranda submitted, the Court briefly addresses the propriety of applying a procedural bar to the ineffective-assistance-of-trial-counsel claim

in light of the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013).    In *Martinez*, the Supreme Court held that a procedural bar imposed by a state court " 'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.' "    *Trevino*, 569 U.S. at 417, 133 S.Ct. 1911 (quoting *Martinez*, 566 U.S. at 17, 132 S.Ct. 1309).    Here, Martin raised his ineffective-assistance-of-counsel-in-sentencing claim in his first post-conviction relief application; ultimately, the intermediate appellate court granted him relief finding that he was entitled to an out-of-time appeal.    Martin was then afforded a direct appeal in which he was represented by appointed counsel.    He was also notified of his right to file a *pro se* supplemental brief as part of the appeal, but *he did not do so*.[19]    His appointed counsel did not raise an ineffective-assistance-of-trial-counsel claim; however, counsel did prompt the court of appeal to perform an independent and thorough review of the record for nonfrivolous issues by filing an *Anders* brief certifying that no nonfrivolous issues existed. The appellate court's independent analysis encompassed a full review of the *Boykin* proceedings and multiple offender sentencing in search of any constitutional infirmities or irregularities in his guilty pleas to the charges or the multiple-offender bill.    None existed.

Martin had the opportunity on direct appeal to raise the claim of ineffective assistance

---

[19]    *State v. Martin*, 242 So.3d at 1239 n. 2.

of counsel during multiple-offender proceedings and simply failed to do so.    In this case, the procedural default should not be excused under *Martinez*.    *See Davenport v. Hooper*, Civ. Action 17-8106, 2018 WL 6920456, at *5-6 (E.D. La. June 18, 2018), *adopted* 2019 WL 77242 (E.D. La. Jan. 2, 2019).

Additionally, Martin's ineffective-assistance-of-trial-counsel claim is hardly substantial, given that it is premised upon trial counsel not objecting during the multiple-offender sentencing to alleged improprieties or deficiencies—failures the intermediate court of appeal expressly held did *not* exist.    Martin suggests that trial counsel was constitutionally ineffective because he failed to investigate the sufficiency of the State's evidence (predicate guilty-plea conviction) underlying the multiple bill of information, to which Martin pleaded guilty as a second-felony offender, and to raise objections to the procedural deficiencies in the State's proof and the trial court's failure to follow the procedural safeguards under Louisiana Revised Statute 15:529.1(F). [20]    As set forth previously in this report, the appellate court on direct appeal found no constitutional infirmities or irregularities associated with occurred either his guilty plea convictions or multiple offender sentencing.

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel.    The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel.    *Hill v. Lockhart*, 474

---

[20]  Rec. Doc. 1, pp. 6-8.

U.S. 52, 58, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985).    Specifically, a petitioner seeking relief must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.    *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."    *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.*, deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.    *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.    *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).    Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689.    "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"    *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).    A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.    *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986);

*Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In order to satisfy the "prejudice" requirement in the guilty plea context, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58–59.

As part of his ineffective-assistance claim, Martin suggests that his guilty plea as a multiple offender was unconstitutional due to insufficient evidence and the failure to require procedural safeguards in the proof presented at sentencing. He contests the validity and legality of his predicate guilty-plea conviction and argues that counsel should have demanded sufficient evidentiary proof (*i.e.*, proof of his identity, validity of the prior guilty plea, etc.) under state law.

To the extent Martin suggests that the state trial court failed to comply with state law during the multiple-bill plea colloquy by failing to identify on the record the evidence in support of the second-offender charge, such a claim is not cognizable. A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors of state law); *accord Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir. 2000); *Narvaiz v.*

*Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *see also Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review).    "Errors of state law and procedure . . . are not cognizable unless they result in the violation of a federal constitutional right." *Lee v. Whitley*, No. 93-03791, 1994 WL 395071, at *3 (5th Cir. June 28, 1994) (holding that state judge's purported violation of state law in failing to inform the petitioner of his right against self-incrimination in the habitual offender proceeding was not cognizable in a federal habeas corpus proceeding); *see also Payne v. Whitley*, 48 F.3d 529, 1995 WL 84049, at *2 (5th Cir. Feb. 6, 1995) (Table, Text in Westlaw); *Odom v. Wheat*, No. 09-3028, 2009 WL 3199178, at *6 (E.D. La. Sept. 30, 2009) (order adopting report).

Furthermore, Martin has not established ineffective assistance based on counsel's failure to challenge the sufficiency of the evidence or lodge an objection to the multiple-offender bill proceedings during which he pleaded guilty to the multiple bill.    In this case, Martin entered a guilty plea and admitted to the allegations in the multiple-offender bill without the need for the State to produce any evidence or prove any part of the multiple bill.[21]    *State v. Schaefer*, 97-465, p. 9 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.    The United States Fifth Circuit Court of Appeals has held that a state criminal defendant waives a claim of sufficiency of the evidence by pleading guilty or admitting to a multiple bill.    *Payne*,

---

[21]    State Rec., Vol. 1 of 5, Waiver of Rights-Plea of Guilty as Multiple Offender under La. R.S. 15:529.1.    *See also* State Rec., Vol. 2 of 5, Transcript of Sentencing, pp. 5-8.

1995 WL 84049, at *2.    The Fifth Circuit recognized that a state court has no federal constitutional duty to establish a factual basis for the guilty plea to a multiple-offender bill because the state judge is not determining guilt or innocence, and instead is enhancing a sentence based on a prior conviction which the defendant deems true by admitting to the bill.    *Payne*, 1995 WL 84049, at *2.    An objection to the multiple-bill proceedings on the grounds proposed by Martin would have been futile.[22]    *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Martin has not identified any error by the state trial court, much less a violation of a federal constitutional right, during his multiple-offender plea proceedings.    Federal habeas relief is available only when an alleged state law error caused "prejudice of constitutional magnitude," such that the error "by itself so infected the entire trial that the resulting conviction violates due process."    *Galvan v. Cockrell*, 293 F.3d 760, 764-65 (5th Cir. 2002) (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *Gilmore v. Taylor*, 508 U.S. 333, 342-43 (1993).    Here, the state appellate court reviewed the transcript of the multiple-offender plea proceedings and noted that Martin was properly advised of his rights in connection with

---

[22]    The Court also notes that it has reviewed the guilty plea sentencing transcript from September 9, 2008 (State Rec., Vol. 3 of 5), which shows that Martin was represented by counsel and properly advised of his rights under *Boykin*, albeit in a group colloquy setting with other offenders pleading guilty in different criminal cases.    That fact alone is of no moment as each defendant was questioned personally and individually regarding his understanding of the rights and no federal precedent holds that a group setting for such a colloquy is improper (State Rec., Vol. 3 of 5, Transcript of Sentencing (September 9, 2008), pp. 15-23, 33-34).    *See Bridges v. Tanner*, Civ. Action 17-1925, 2019 WL 3774446, at *8 (E.D. La. Aug. 12, 2019) (order adopting report).

his guilty plea to the multiple bill and indicated both at the hearing and on the guilty-plea

form, with counsel present, that he understood those rights and waived them knowingly,

intelligently and voluntarily.[23]    Martin does not allege that but for counsel's alleged failure

to investigate more fully the predicate conviction or object, he would not have pleaded guilty

to the multiple bill, nor would the record support such an assertion.

Martin has not raised a substantial claim of ineffective assistance of counsel during

multiple-offender proceedings.    No deficient performance on the part of counsel or

resultant prejudice has been shown for failing to investigate the sufficiency of the multiple

offender bill or to object to the multiple bill proceedings.    Accordingly, for the reasons

expressed, Martin has failed to overcome the procedural bar to afford review of his

ineffective-assistance claim.    The sole claim raised herein is procedurally defaulted and

therefore not subject to federal habeas review.[24]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Martin's application for federal

habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14)

---

[23]  State Rec., Vol. 2 of 5, Transcript of Sentencing (July 18, 2016), pp. 5-8.

[24]  The State has also raised an argument regarding "traditional" procedural default under Louisiana Code of Criminal Procedure article 930.3.    Having already considered and determined that the claim was subject to technical procedural default, as asserted by the State, the Court finds it unnecessary to reach those additional procedural default grounds.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this ___23rd___ day of ___September___, 2019.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.